**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-1120

STATE OF LOUISIANA

VERSUS

RAYMOND BENNETT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. CR 315,138
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**

Brian D. Mosley
Assistant District Attorney
P.O. Box 1472
Alexandria, LA 71309
(318) 473-6650
COUNSEL FOR APPELLEE:
        State of Louisiana

Bridgett Brown
P.O. Box 1790
Alexandria, LA 71309
(318) 443-9000
COUNSEL FOR APPELLANT:
        Raymond Bennett

**Painter, Judge.**

On July 23, 2013, Defendant, Raymond Bennett, entered a plea of guilty to possession of CDS II. The trial court accepted Defendant's plea and imposed the following conditions: (1) Pay court cost of $584.50 by July 23, 2013; (2) Default six months parish prison; (3) Three years at hard labor; (4) Jail term suspended and placed on supervised probation for a period of three years; (5) No CDS, alcohol, bars, lounges, or casinos; (6) Attend drug court program; (7) Refrain from criminal conduct; (8) Random drug testing; (9) Pay $70.00 per month to the drug court office; (10) Pay a fee of $50.00 to Louisiana Law Enforcement; (11) Curfew from 10:00 PM to 6:00 AM; and (12) Abide by administrative sanctions under the guidelines provided by La.Code Crim.P. art. 899.1.

On July 9, 2014, the Office of Probation and Parole filed a "DETAINER NOTIFICATION, AFFIDAVIT OF PROBABLE CAUSE AND MOTION FOR HEARING TO REVOKE PROBATION" with the trial court. On July 25, 2014, at a probation revocation hearing, Defendant admitted that he violated the conditions of his probation. On July 29, 2014, the trial court issued "WRITTEN REASONS ON MOTION TO REVOKE PROBATION" and Defendant was ordered to serve the originally imposed sentence at hard labor, with credit given for time served. On August 7, 2014, Defendant filed a "MOTION TO RECONSIDER SENTENCE" with the trial court. The trial court denied Defendant's motion on August 7, 2014.

Defendant filed a "MOTION FOR APPEAL and DESIGNATION OF RECORD" with the trial court on August 6, 2014. The trial court granted Defendant's motion on August 8, 2014.

On October 23, 2014, this court lodged the appeal record. On October 27, 2014, this court issued a rule to show cause why the appeal should not be

dismissed as the judgment at issue is not an appealable judgment. *See* La.Code Crim.P. art. 912.1. On November 19, 2014, Defendant-Appellant responded, alleging, "In the interest of Judicial economy[,] appellant requests that this Court treat this matter as a Supervisory Writ[,] as Appellant orally amended the Notice of Appeal on the record in open (lower) Court on November 17, 2014. The lower Court granted the amendment from the words of Apeal [sic] to Writ and as such reimposed the same deadlines."

The appeal is dismissed, as the judgment is not an appealable judgment, but Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than fifteen days from the date of this decision. The Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**